The **BYRAN COMPANY, INC.**, a California corporation, Plaintiff-counter-defendant-Appellee,

v.

**UNITED STATES SURGICAL, A DIVISION OF TYCO HEALTHCARE GROUP LP**, a Delaware corporation, Defendant-counter-claimant-Appellant.

No. 03–57238.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Sept. 16, 2005.

David A. Robinson, Enterprise Counsel Group, ALC, Irvine, CA, David Z. Ribakoff, Law Office of David Z. Ribakoff, Los Angeles, CA, for Plaintiff–Counter–Defendant–Appellee.

Paul D. Fogel, Reed Smith Crosby Heafey LLP, San Francisco, CA, for Defendant–Counter–Claimant–Appellant.

Before SILVERMAN, CALLAHAN, Circuit Judges, and DUFFY,* Senior District Judge.

MEMORANDUM**

Appellant U.S. Surgical ("USS") entered into an exclusive, four-year requirements contract with appellee, The Byran Company ("Byran"), for various medical screws, plates, hooks and clamps.[1]  Shortly thereafter, USS breached the contract, and later repudiated it.  Byran sued USS claiming, *inter alia,* breach and repudiation, and USS filed a counterclaim alleging entitlement to an offset.  The jury determined that (1) the parties had formed a valid contract, (2) USS breached the contract, (3) USS repudiated the contract, and (4) USS was not entitled to an offset.  The jury awarded damages for breach and repudiation/lost future profits.

Following the trial, USS filed a motion for judgment as a matter of law (JMOL) and alternatively, for a new trial, challenging (1) the jury's damage award for future lost profits (repudiation), and (2) the jury's denial of the offset.  The district court denied the motion and USS filed this timely appeal.  We affirm.

█  We review de novo the district court's grant or denial of a renewed motion for JMOL. *G.C. & K.B. Inv., Inc. v. Wilson,* 326 F.3d 1096, 1108 (9th Cir.2003).  Under Fed.R.Civ.P. 50(b), when the prerequisite of a timely motion for a directed verdict under Rule 50(a) is not satisfied, "a party cannot question the sufficiency of the evidence either before the district court through a motion for judgment notwithstanding the verdict or on appeal." *Farley*

---

* The Honorable Kevin T. Duffy, Senior District Judge, Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recount them here except as necessary.

*Transp. Co. v. Santa Fe Trail Transp. Co.,* 786 F.2d 1342, 1345 (9th Cir.1985) (internal quotations and citations omitted). Rather, such party is entitled to relief only if the record contains no evidence in support of the verdict. *Id.* at 1347.

USS's argument that Rule 50(a) is essentially a notice requirement with which it substantially complied fails because the procedural requirements under Rule 50(a) and (b) are strictly construed. *Farley,* 786 F.2d at 1346. USS failed to file a motion for JMOL at the close of evidence in compliance with Rule 50(a); consequently, its Rule 50(b) challenge to the jury's award for future lost profits and rejection of USS's counterclaim for an offset, is reviewed for plain error only. *Janes v. Wal-Mart Stores, Inc.,* 279 F.3d 883, 888 (9th Cir.2002).

Reversal under the plain error standard is proper only to avoid a "manifest miscarriage of justice," *Janes,* 279 F.3d at 888, or if "there is a absolute absence of evidence to support the jury's verdict," *Image Tech. Servs., Inc. v. Eastman Kodak Co.,* 125 F.3d 1195, 1203 (9th Cir.1997). Here, the jury heard evidence sufficient to support a finding of bad faith repudiation such that it cannot be said that "there is an absolute absence of evidence to support the jury's [award for future lost income]," *Janes,* 279 F.3d at 888, or that the verdict was a "manifest miscarriage of justice," *Image Tech.,* 125 F.3d at 1203.

The evidence in support of the offset claim was confusing and inconsistent such that the jury would have to speculate in order to determine the proper amount of offset. Given USS's failure to meet its burden of proof on the offset claim, the jury's determination that USS was not en-titled to an offset was not clearly erroneous.

**AFFIRMED.**